UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BRET S. BEILER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:12 CV 2 JM** |
| **v.** | ) | |
| | ) | |
| **DUNKIRK POLICE DEPARTMENT, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION and ORDER**

Bret S. Beiler, a *pro se* plaintiff who was incarcerated when he initiated this action, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE # 15.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Beiler alleges that in the early morning hours of April 17, 2010, he was sleeping in the passenger seat of a car parked outside his residence in Dunkirk, Indiana. Captain Michael E. Kreps and Officer Brad Miller of the Dunkirk Police Department approached his vehicle and asked him for identification, which he produced. They asked him to take a breathalyzer test but he refused. They told him he was not under arrest but asked him to step out of the vehicle. He claims that before he could comply, Captain Kreps tased him twice. The officers then pulled him out of the car, and one or both of them tased him another two or three times while he was lying on the ground. He was subsequently arrested and charged with disorderly conduct, among other offenses. Giving the complaint liberal construction, Beiler claims that the officers' use of the taser was excessive because he was not armed, did not pose a danger to them, and was not resisting. He alleges that their actions caused him severe pain and emotional distress.

Under the Fourth Amendment, an officer's use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations

omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Taking Beiler's allegations as true, he alleges that he was sitting in a vehicle on his own property when the police approached him, and he complied with their request to produce identification. He alleges that even though he was doing nothing wrong the officers tased him at least four times, including while he was lying on the ground. Although further factual development may show that Beiler was resisting or that the use of force was otherwise reasonable under the circumstances, giving him the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against the officers.

Beiler also names the Dunkirk Police Department as a defendant. However, municipal police departments are not suable entities under Indiana law and thus cannot be sued for constitutional violations under 42 U.S.C. § 1983. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, the police department must be dismissed. Beiler also names the City of Dunkirk, apparently because it is the officers' employer. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the city cannot be held liable simply by virtue of the fact that it employed the officers involved in this incident. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Beiler does not allege, nor can it be plausibly inferred from the complaint, that the City of Dunkirk has an official practice or policy that caused his injury. *See Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 701 (1978). Instead, his claim is essentially that two rogue officers tased him without warning and for no legitimate reason. Accordingly, the City of Dunkirk will also be dismissed as a defendant.

For the reasons set forth above, the court:

(1) **GRANTS** the plaintiff leave to proceed against Captain Michael E. Kreps and Officer Brad Miller in their individual capacities for compensatory and punitive damages for using excessive force against him in violation of the Fourth Amendment;

(2) **DISMISSES** the Dunkirk Police Department and the City of Dunkirk;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Captain Michael E. Kreps and Officer Brad Miller; and

(4) **ORDERS** Captain Michael E. Kreps and Officer Brad Miller to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: April 13, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT