UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRET S. BEILER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-02 |
| | ) | |
| MICHAEL E. KREPS and | ) | |
| BRAD MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

*Pro se* Plaintiff Bret Beiler seeks appointment of counsel in this excessive force action brought under 42 U.S.C. § 1983.  (*See* Docket # 15.).  The Court requested that Beiler submit a Questionnaire for Appointment of Counsel (Docket # 27), which he did (Docket # 32).  The issue was then considered at the initial scheduling conference on June 25, 2012, where Beiler supplemented his request, and was further taken under advisement.  (*See* Docket # 36.)  For the reasons given below, Beiler's request will be DENIED.

### II.  LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case.  *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).  Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court.  *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64

1

F.3d at 288. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"[1] *Pruitt*, 503 F.3d at 654-55; *see also Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010).

The second prong of this test comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 654-55 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id*; *see also Santiago*, 599 F.3d at 762. And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762. Overall, the decision to recruit counsel is a "practical one, made in

---

[1] Here, Beiler has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted five different attorneys; none, however, have taken his case. Of course, this is an indication that his claims may indeed have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

light of whatever relevant evidence is available on the question." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762.

### III.  DISCUSSION

Applying the foregoing two-fold inquiry, it is evident that Beiler is competent to represent himself in this case.  To explain, the suit is a relatively straightforward § 1983 action. Beiler primarily claims that the police officers used excessive force when they pulled him out of his vehicle and used a taser on him multiple times while arresting him for public intoxication. (*See* Docket # 15.)  Therefore, the first factor—the difficulty of his claims—cuts against Beiler's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Beiler has already adequately articulated his claims in this case, filing a comprehensive Amended Complaint (Docket # 15) that evinces a thorough knowledge of the case and familiarity with the facts.  Moreover, he read and approved a comprehensive Report of Parties' Planning Meeting and competently participated in the scheduling conference.  And Beiler has litigation experience as he represented himself for a year in the criminal case that arose from his arrest, including his sentencing hearing.  Additionally, because the facts of this case are within Beiler's particular knowledge—stemming primarily from his active participation in his criminal case—the task of discovery is apt to be quite limited and certainly something Beiler is capable of doing.  Nevertheless, to assist him, copies of the applicable Federal Rules of Civil Procedure concerning discovery (which he indicates he has read) are enclosed with this Order.

Furthermore, the Court has observed through Beiler's telephonic court appearance and

filings that he is articulate and has reasonably good communication skills, at least at a sufficient level to proceed *pro se.* He is not presently incarcerated and thus has the unfettered ability to perform his own research. And because he is unemployed, he has adequate time to perform such research. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims himself—also fails to support his request for counsel.

Considering the foregoing, Beiler appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his request that the Court recruit counsel for him will be denied.

### IV.  CONCLUSION

For the reasons stated herein, Plaintiff's request for appointment of counsel (contained in Docket # 15) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own. The Clerk is directed to send a copy of Federal Rules of Civil Procedure 26 through 37 and 45 to the Plaintiff along with a copy of this Order.

SO ORDERED.

Enter for this 26th day of June, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge